UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **CHRISTINE RADEMACHER,** | ) | **CASE NO.5:20CV522** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **BRIDGESTONE AMERICAS, INC., ET AL.,** | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Plaintiff Christine Rademacher's Motion to Remand (ECF # 8) and Defendants' Opposition to Plaintiff's Motion to Remand and, in the Alternative, Cross Motion to Seek Leave to Amend Their Notice of Removal. (ECF # 9). For the following reasons, the Court denies Plaintiff's Motion and denies as moot Defendants' Alternative Motion for Leave.

On February 4, 2020, Plaintiff filed her Complaint in Summit County Court of Common Pleas, alleging Employment Discrimination and Retaliation against Defendants Bridgestone Americas, Inc. ("Bridgestone"), Bridgestone Americas Tire Operations, LLC. ("Bridgestone Tire") and William Niaura. On March 6, 2020, Defendants removed the case

to United States District Court for the Northern District of Ohio based on diversity, alleging that Rademacher is an Ohio resident while Niaura resides in Arizona, Bridgestone is a Nevada Corporation residing in Tennessee and Bridgestone Tire is a Delaware Corporation also located in Tennessee.

Plaintiff now moves to remand the case back to Summit County Court because Defendant Bridgestone Tire is a limited liability corporation and Defendants failed to identify the citizenship of each member of the limited liability company. Under applicable law, "when diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company. And because a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each "sub-member" as well." *Delay v. Rosenthal Collins Grp., LLC,* 585 F.3d 1003, 1005 (6th Cir. 2009). According to Plaintiff, by failing to identify each member of the limited liability company, they failed to show complete diversity and remand is warranted.

Defendants oppose the Motion, contending that Bridgestone Tire's only member is Bridgestone whose citizenship was already demonstrated in the Notice of Removal as Tennessee, therefore, complete diversity exists. However, if the Court finds that the original Notice of Removal failed to identify Bridgestone Tire's members, then the proper course is to allow Defendants to amend their Notice of Removal to properly identify the citizenship of each of the limited liability company's members.

"The party invoking federal jurisdiction...bears the burden of proof that the federal courts have jurisdiction. (Internal citation omitted). Section 1332 vests federal courts with original jurisdiction 'of all civil actions where the matter in controversy exceeds the sum or

value of $75,000, exclusive of interest and costs, and is between ... citizens of different States....' 28 U.S.C. § 1332(a)(1). A corporation is a 'citizen of every State ... by which it has been incorporated and of the State ... where it has its principal place of business.'" *Id.* § 1332(c)(1). *Varsity Brands, Inc. v. Star Athletica, LLC,* 799 F.3d 468, 494 (6th Cir. 2015).

Here, Defendants have, albeit subsequently, demonstrated that complete diversity exists as their Notice of Removal properly identified the citizenship of each Defendant. While Defendants' Notice of Removal did not expressly identify the members of Bridgestone Tire's limited liability corporation, the citizenship of all members of the limited liability corporation were in fact identified in the original Notice of Removal as the only other member of the limited liability corporation is Bridgestone, a co-defendant in the case whose citizenship was identified in the removal. Therefore, Defendant has demonstrated complete diversity exists and to require an amended removal would needlessly delay this action and be a waste of judicial resources.

Therefore, for the foregoing reasons, the Court denies Plaintiff's Motion to Remand and denies as moot Defendants' alternative Motion to Amend.

IT IS SO ORDERED.

/s/Christopher A. Boyko
CHRISTOPHER A. BOYKO
Senior United States District Judge